IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

SALEM FUAD ALJABRI,            )
                               )
          Plaintiff,           )
                               )
     v.                        )     No. 10 C 5706
                               )
TIMOTHY D. ELLIOTT, et al.,    )
                               )
          Defendants.          )

                MEMORANDUM OPINION AND ORDER

    Salem Fuad Aljabri ("Aljabri") has filed a pro se Complaint against the Rathje & Woodward LLC law firm and two of its lawyers, charging them with malpractice in connection with their representation of him before our Court of Appeals on his appeal from a criminal conviction (that representation came about by way of appointment by the Court of Appeals). Aljabri invokes federal subject matter jurisdiction on the basis of diversity of citizenship.[1]

    At the outset, note should be taken of several respects in which Aljabri has not complied with requirements that are imposed on anyone who seeks to enter the federal courthouse door. This

---

    [1] Complaint ¶3 identifies Aljabri as a Jordanian citizen, while Complaint ¶¶4 and 5 identify the two individual defendants as Illinois citizens. Although Complaint ¶6 speaks of the defendant law firm as though it is subject to the corporate standard established by 28 U.S.C. §1332(c)(1), that is of course mistaken--but given Aljabri's Jordanian citizenship, there is virtually no doubt that the states of citizenship of all of the law firm's members, which the applicable caselaw teaches are the relevant facts for jurisdictional purposes, also satisfy the diversity requirement.

opinion will identify those first, before turning to the substance of Aljabri's Complaint.

For one thing, Aljabri has submitted only the original Complaint, without providing the required copy for this Court's chambers file and the copies necessary for service of process on the several defendants. As for the first of those, this Court has received from the Clerk's Office a photocopy of the Complaint for its own file, but the other copies would have to be submitted by Aljabri if his action were to go forward.

Next, Aljabri has neither paid the $350 filing fee nor filed an application for leave to proceed in forma pauperis. And if he were to pursue the latter course, 28 U.S.C. §1915[2] requires that he accompany his application to do so with a printout of transactions in his prison trust fund account for the months of March through August 2010 to enable this Court to determine his initial payment toward the $350 filing fee, which he would be obligated to pay in installments.

Accordingly Aljabri is ordered, on or before September 27, 2010, either to pay the $350 filing fee in advance or to submit duplicate copies of an In Forma Pauperis Application.[3] If he does the latter, this Court will then proceed to make the

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

[3] Copies of the required form are being sent to Aljabri together with a copy of this opinion.

determination and calculation called for by Section 1915.

To turn to Aljabri's claim, he alleges that his appointed counsel violated their responsibilities to him by filing an <u>Anders</u> brief, thus assertedly violating their professional obligation to him (Complaint ¶¶15-16). When Aljabri himself then identified a viable issue (<u>id</u>. ¶17), the Court of Appeals ordered counsel to brief the issue (<u>id</u>. ¶18).

Aljabri then goes on to charge defendants with further violations "in refusing to consider any other issues for appeal despite their viability and being meritorious" (<u>id</u>. ¶20). But this Court has obtained and reviewed the Court of Appeals' order (No. 07-3391, reported in 363 Fed. App'x 403, 2010 WL 358462 (7th Cir. Feb. 2). That order reflects that the jury verdict of guilty on all counts--nine counts of wire fraud, five counts of money laundering in violation of 18 U.S.C. §1956(a)(1)(A)(i) and ten counts of structuring in violation of 31 U.S.C. §5324(a)(3)-- was overturned only as to the money laundering counts. No other claims were held to be viable or meritorious.

At this point Aljabri's case has been remanded to this Court's colleague Honorable Charles Norgle, Sr. for resentencing in light of the vacatur of the money laundering counts. Aljabri has sought and obtained the removal of the lawyers whom he now targets in this action, and his resentencing has been set for November 5, 2010.

For purposes of this special look at Aljabri's Complaint, this Court will operate on the premise (without of course deciding) that his allegation of inadequate representation represented by the filing of an <u>Anders</u> brief is correct.  This Court will not, however, credit his allegations that defendants had agreed "to abandon the Plaintiff's cause" (Complaint ¶14), that they "sought to sabotage the Plaintiff's appeal" through the <u>Anders</u> brief (<u>id</u>. ¶15), that they engaged in an "illegal and unconscionable scheme to sabotage Mr. Aljabri's appeal" (<u>id</u>. ¶16, and see also <u>id</u>. ¶24).  Those ipse dixit characterizations of counsel, advanced without even a hint as to why lawyers appointed by our Court of Appeals to provide pro bono representation would undertake such a deliberate course of action, flunk the "plausibility" requirement taught by the <u>Twombly</u>-<u>Iqbal</u> combination.

All of those pejorative assertions by Aljabri are accordingly deemed frivolous in the legal sense, so that his claim will be limited to a straight-out negligent malpractice claim.  And in those terms, the potential damages do not approach the minimum amount-in-controversy requirement:

> 1.  All the relief that Aljabri obtained from the Court of Appeals--dismissal of the money laundering charges--was exactly the same as would have been afforded him in the absence of any claimed malpractice on the part of his

4

appointed counsel (remember that the Court of Appeals upheld the convictions on both the wire fraud and the structuring groups of charges). By the same token, whatever sentence Judge Norgle may impose on those invulnerable charges must by definition be the same as if no malpractice had been involved. In sum, Aljabri cannot point to any tangible harm flowing from the assumed malpractice.

2. As for any intangible harms, under the circumstances here no rational jury could return a sustainable verdict that would come within hailing distance of the Section 1332 amount-in-controversy requirement.

In those terms this Court sees no prospect for a potential recovery, if Aljabri were to be successful in proving his claim, that would even begin to approach the over-$75,000 floor required for diversity jurisdiction. Accordingly this Court dismisses both the Complaint and this action for lack of subject matter jurisdiction.

Aljabri is advised that Fed. R. Civ. P. 59(e) allows him 28 days from the date of this memorandum opinion and order within which to file a motion to alter or amend the judgment of dismissal. If he is able to provide anything from which a reasonable inference could be drawn that he could meet the over-$75,000 amount-in-controversy requirement, this Court is prepared to reexamine the issue. That same time frame is allowed for

Aljabri to deal with the filing fee issue as provided at the outset of this order, failing which this action will remain dismissed for such failure to pay or to provide for payment of the filing fee, even without reference to the jurisdictional issue.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 13, 2010