```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

SALEM FUAD ALJABRI #18918424,   )
                                )
            Plaintiff,           )
                                )
     v.                          )    No. 10 C 5706
                                )
TIMOTHY D. ELLIOTT, et al.,     )
                                )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

This Court's September 13, 2010 memorandum opinion and order ("Opinion," 2010 WL 3714590)[1] dismissed the legal malpractice action that Salem Fuad Aljabri ("Aljabri") had brought pro se against two Chicago lawyers (and against the law firm to which they belong)--lawyers who had been appointed by our Court of Appeals to represent Aljabri on his appeal from a criminal conviction.[2] Aljabri then filed a timely Fed. R. Civ. P. 59(e) motion to alter or amend the judgment of dismissal, and this Court has held off on addressing that motion because (as Opinion at *2 had reflected) this Court's colleague Honorable Charles Norgle had scheduled for today, November 5, Aljabri's resentencing on the counts that had been upheld by our Court of Appeals.

---

   [1] Citations to the Opinion will take the form ("Opinion at *--"), referring to the page numbering in Westlaw.

   [2] Aljabri sought to invoke federal jurisdiction on diversity of citizenship grounds. There is no question that the requisite diversity exists (Order at 1 n.1).

But Judge Norgle's staff has just responded to this Court's inquiry by advising that the resentencing will be rescheduled to a future date, and under that circumstance this Court will not hold off further on ruling on Aljabri's motion. On that score nothing in Aljabri's current submission calls for revisiting what this Court said in Opinion at *2:

> For purposes of this special look at Aljabri's Complaint, this Court will operate on the premise (without of course deciding) that his allegation of inadequate representation represented by the filing of an Anders brief is correct. This Court will not, however, credit his allegations that defendants had agreed "to abandon the Plaintiff's cause" (Complaint ¶14), that they "sought to sabotage the Plaintiff's appeal" through the Anders brief (id. ¶15), that they engaged in an "illegal and unconscionable scheme to sabotage Mr. Aljabri's appeal" (id. ¶16, and see also id. ¶24). Those ipse dixit characterizations of counsel, advanced without even a hint as to why lawyers appointed by our Court of Appeals to provide pro bono representation would undertake such a deliberate course of action, flunk the "plausibility" requirement taught by the Twombly-Iqbal combination.[3]

What Aljabri refuses to face up to is that the numerous counts on which the Court of Appeals upheld his conviction were

---

[3] [Footnote by this Court] It will be recalled that although the accused lawyers initially filed an Anders brief, they then briefed Aljabri's appeal after the Court of Appeals so ordered, and the result was the overturning of his conviction on five money laundering counts. But the Court of Appeals upheld all of the other charges on which Aljabri had been convicted. It is simply implausible that counsel, whether out of pique or for some other reason, would have subverted Aljabri's appeal and pulled the wool over the Court of Appeals' eyes in so doing--as Aljabri's Complaint ¶16 had put it, would have engaged in "an illegal and unconscionable scheme to sabotage Mr. Aljabri's appeal."

impregnable to challenge.  And as to this Court's required examination of the other component of diversity jurisdiction, the amount in controversy, Aljabri is simply wrong in asserting that credence must be given to his "pejorative assertions" (Opinion at *2).

Aljabri is equally wrong in attempting to enlist to his aid the decision in <u>Geoffrey E. MacPherson v. Brinecell, Inc.</u>, 98 F.3d 1241, 1245 (10th Cir. 1996) as assertedly calling for an aggregation of his claims for damages.  All the counts that he advances--counts that represent a single "claim" as the operative concept under federal law (see <u>NAACP v. Am. Family Mut. Ins. Co.</u>, 978 F.2d 287, 291-93 (7th Cir. 1992))--give rise to a single potential damages award, no matter how many different ways he may seek to slice up that claim into those different counts.

That then poses the issue of what value can plausibly be ascribed to what Aljabri describes at page 4 of his current motion:

> Thus, in this case, the value in monetary terms of the right to file a meritorious appeal and the value of the reversed counts and vacatur of the money laundering counts to the plaintiff is the key consideration. Plaintiff's affidavit attests to the fact that he could not exchange the right to appeal nor the vacatur of the money laundering counts for any amount of money, much less $75,000.00.

This Court has already addressed that question in the Opinion in light of the fact that Aljabri's resentencing fate on the surviving charges will be identical to what he would have faced

3

in the absence of the claimed malpractice by his appointed counsel.[4]

On that score the short answer to Aljabri's contention, as he has now framed it, is that he did get the right to appeal and that he did get a vacatur of the money laundering counts when represented by the now-accused lawyers who had been appointed for purposes of his appeal.[5] Surely the possibility that someone such as Aljabri might theoretically have been damaged in the ways that he sets out, a possibility that did not eventuate, cannot be equated to actual damage.

In sum, nothing that Aljabri has advanced in his current motion calls for reconsideration of the conclusion reached in the Opinion: that "no rational jury could return a sustainable

---

[4] Again it should be repeated that this Court accepts arguendo, as it must for present purposes, Aljabri's assertion that counsel's initial filing of an Anders brief amounted to malpractice--an acceptance that of course reflects no factual finding or implied factual finding on the part of this Court. In that respect this Court has studiously avoided any temptation to view Aljabri's attack on his appellate lawyers as equivalent to a modification of Shakespeare's "thankless child" aphorism in King Lear act I, sc. 4, line 312 to read:

> How sharper than a serpent's tooth it is
> To have a thankless client!

[5] That is in sharp contrast with Betts v. Litscher, 241 F.3d 594 (7th Cir. 2001), which Aljabri seeks to call upon. In Betts the appointed counsel did not (as counsel did here, and as the Court of Appeals held should have been done there (id. at 597)) pursue the Anders route, and wholly unlike what happened here the appointed lawyer in Betts did nothing at all for the client other than to vanish from the scene.

4

verdict that would come within haling distance of the Section 1332 amount-in-controversy requirement."[6]  Aljabri's motion is denied.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  November 5, 2010

---

    [6] That of course takes into consideration any rational possibility on the punitive damages front as well.